J-S34011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DA'MONTAE MARQUISE BROOKS | : | |
| | : | |
| Appellant | : | No. 506 WDA 2024 |

Appeal from the Judgment of Sentence Entered February 16, 2024
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0003718-2022

BEFORE:   DUBOW, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED: OCTOBER 16, 2024**

Appellant, Da'Montae Marquise Brooks, appeals from the Judgment of Sentence entered in the Westmoreland County Court of Common Pleas following his conviction of Robbery, Criminal Conspiracy to Commit Robbery, and Possession of a Firearm by a Minor.[1] Appellant challenges the discretionary aspects of his sentence. After careful review, we affirm.

The relevant facts and procedural history are as follows. Appellant, along with 6 co-defendants, was involved in an armed robbery that resulted in a fatal shooting. The Commonwealth charged Appellant with 9 counts related to this offense. Appellant was 15 years old at the time of the offense and stood

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii), 903(a)(1), and 6110.1(a), respectively.

trial as an adult. During trial, one of Appellant's co-defendants testified to shooting the victim.

On December 8, 2024, the jury found Appellant guilty of Robbery, Criminal Conspiracy to Commit Robbery, and Possession of a Firearm by a Minor. The court ordered a Pre-Sentence Investigative ("PSI") Report and deferred sentencing. The PSI report included a prior juvenile adjudication in the calculation of Appellant's prior record score.

On February 16, 2024, the court proceeded to sentencing. At the sentencing hearing, the judge indicated that he had reviewed all documents submitted by the parties, including the PSI report. The court sentenced Appellant to an aggregate term of 8 to 16 years of incarceration. Appellant's individual sentences each fall within the standard range of the sentencing guidelines.

On February 26, 2024, Appellant filed a Post-Sentence Motion asserting that his sentence was excessive because the court should have disregarded Appellant's prior record score and considered mitigating factors, including Appellant's age and rehabilitation. On March 26, 2024, the court denied this motion after a hearing.

Appellant timely appealed. Both Appellant and the Trial Court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

Whether the trial court erred in not reconsidering the discretionary aspects of Appellant's sentence on post-sentence review?

Appellant's Br. at 3.

Appellant challenges the discretionary aspects of his sentence. Challenges to the discretionary aspects of a sentence are not appealable as of right. **Commonwealth v. Leatherby**, 116 A.3d 73, 83 (Pa. Super. 2015). Instead, an appellant must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider or modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). **Id.**

In the instant case, Appellant met the first three criteria. We next determine if Appellant has raised a substantial question meriting our review of his sentence.

An appellant raises a "substantial question" when he "sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." **Commonwealth v. Crump**, 995 A.2d 1280, 1282 (Pa. Super. 2010). A claim that the sentencing court failed to consider mitigating factors generally does not present a substantial question. **Commonwealth v. Disalvo**, 70 A.3d 900, 903 (Pa. Super. 2013); **see also Commonwealth v. Griffin**, 804 A.2d 1, 9 (Pa. Super. 2002) (citing **Commonwealth v. Williams**, 562 A.2d 1385, 1388 (Pa. Super. 1989) (*en banc*) (concluding that an allegation that the sentencing

- 3 -

court did not adequately consider various factors is, in effect, a request that this Court substitute its judgment for that of the lower court in fashioning a defendant's sentence)).

"When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010) (citation omitted). "Where the sentencing court had the benefit of a [PSI report], we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Id.*** (citation and internal quotation marks omitted).

Appellant argues that the sentencing court should have given more weight to mitigating factors, including that "he demonstrated accountability, he was remorseful and apologized to the victim's family" and "articulated a general plan on how he intended to turn his life around." Appellant's Br. at 15. Appellant argues that based on these factors, the court should "lower his sentence . . . to the lower end of the standard range, or a different range altogether by disregarding his juvenile prior record score . . . and for the sentence not to be served consecutively." ***Id.*** at 9.[2]

_____

[2] In his Pa.R.A.P. 2119(f) statement, Appellant briefly states that his sentence warrants judicial review because "Appellant is a minor tried as an adult" and because "Appellant's sentence is enhanced due to a prior juvenile offense." Appellant's Br. at 11. Appellant does not develop these arguments in the
*(Footnote Continued Next Page)*

Appellant's contention does not set forth a "plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." **Crump**, 995 A.2d at 1282. A claim that the court did not weigh mitigating factors as the Appellant wished does not present a substantial question appropriate for our review. **See Disalvo**, 70 A.3d at 903. Moreover, here the sentencing court had the benefit of a PSI report and, thus, we may presume that it was aware of Appellant's particular circumstances. **See** N.T. Sentencing Hr'g, 02/16/24, at 75; **see also Moury**, 992 A.2d at 171.

Appellant has failed to raise a substantial question as to his sentence, and therefore failed to invoke the jurisdiction of this Court. Accordingly, we will not address the merits of Appellant's sentencing claim.

Judgment of Sentence Affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/16/2024

---

argument section of his brief. They are, thus, waived. **See Commonwealth v. Farmer**, 758 A.2d 173, 181 (Pa. Super. 2000) (noting that an appellant must develop arguments and include pertinent citations in his brief); Pa.R.A.P. 2119(a). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) (citation omitted).